**Myron J. Landgraf and Pearl B. Landgraf v. Vermont Commissioner of Taxes**

[298 A.2d 551]

No. 175-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*Paterson, Gibson, Noble & Brownell,* Montpelier, for Plaintiff.

*James M. Jeffords,* Attorney General, and *Martin K. Miller,* Assistant Attorney General, for Defendant.

**Keyser, J.** This is a tax matter brought to this Court by the appellants, Myron J. Landgraf and Pearl B. Landgraf, husband and wife. At all times material to this appeal they were residents of Hanover, New Hampshire, but in 1969 they earned 54% of their income in Vermont.

The question presented by the appellants is the proper application of 32 V.S.A. § 5828 to their Vermont income tax liability as non-residents having Vermont income. The purpose of that statute is to provide that no taxpayer shall pay a Vermont income tax greater than 4.5% of 100% of his Vermont income. This statute reads as follows:

> "(a) Notwithstanding any other provision of this chapter to the contrary, the Vermont income tax of an individual for any taxable year shall not in any case equal an amount such that the combined Vermont and federal income tax liability of the taxpayer for that taxable year, less the federal income tax liability (without consideration of the deduction for Vermont income taxes paid or accrued) of the taxpayer for that taxable year exceeds 4½ per cent of the total income of the taxpayer for that taxable year.
>
> (b) For the purposes of this section, the "total income" of any individual for any taxable year means the sum of:
>
> (1) the adjusted gross income,
>
> (2) any amount of capital gains excluded from adjusted gross income and
>
> (3) interest on obligations of any state, municipality of the United States, of the taxpayer for that taxable year."

The appellants claim that the 4.5% limitation under § 5828 applies regardless of where the income is earned. It is on this point that the litigation arises.

Along with their 1969 Vermont Income Tax Return the appellants filed a Form 103-A, entitled "Special Tax Limitation Schedule 1969". Form 103-A is the avenue by which the commissioner of taxes sought to place into operation 32 V.S.A. § 5828. Based upon the method used by the appellants in the preparation of Form 103-A computing their tax return for 1969, a refund due them of $1,230.79 was shown. Their return was disallowed and they were billed by the Vermont Department of Taxes for a deficiency of $415. The appellants appeal was denied by the commissioner of taxes. A subsequent appeal taken to the Washington County Court ended with judgment being entered for the commissioner. It is from that judgment the Landgrafs have brought their appeal to this Court.

In their preparation of Form 103-A, the appellants first entered the amount of their 1969 federal income tax liability, $27,312.17. From this figure appellants then made a preliminary computation of their Vermont tax by taking 28.75% of their federal income tax liability arriving at a figure of $7,852.24. To arrive at their adjusted Vermont tax the appellants next assumed a special adjustment of 100%, thereby arriving at the same figure of $7,852.24. This gave appellants a combined state and federal tax of $35,164.41.

Moving on to Box B in Form 103-A, the appellants then proceeded to compute their federal income tax liability without consideration of the deduction for Vermont taxes paid or accrued. In so doing they arrived at a recomputed federal tax of $28,656.77, and a net Vermont tax liability of $6,507.64.

In Box C in Form 103-A, the appellants computed the 4.5% limitation by multiplying their total statutory income (the total of those items listed in 32 V.S.A. § 5828(b) of $76,886.52) by 4.5%, thereby arriving at a figure of $3,459.89. Because their net Vermont tax liability was greater than $3,459.89 the appellants were then able to subtract $3,459.89 from their net Vermont tax liability figure, thereby leaving a sum of $3,047.75, as their Vermont tax reduction. Finally in Box D of Form 103-A, the appellants computed their final Vermont tax liability by subtracting their Vermont tax reduction of $3,047.75 from their adjusted preliminary

Vermont tax of $7,852.24, thereby arriving at a figure of $4,804.49.

The appellants then carried the figure of $4,804.49 into their Vermont Income Tax Return, took a special adjustment of 54% (that being the percentage of their 1969 income earned in Vermont), and arrived at a figure of $2,594.42 for their tax liability.

In a more visual manner the tabulation which the appellants used in Form 103-A appears in the following form:

*Form 103-A*

**A. VERMONT TAX: PRELIMINARY COMPUTATION**

| | | |
|---|---|---|
| 1969 Federal income tax liability | | 27,312.17 |
| Vermont tax (28.75% of the federal tax) | 7,852.24 | |
| Special adjustment | 100% | |
| Adjusted Vermont tax (7,852.24 x 100%) | | 7,852.24 |
| Combined state and federal tax (27,312.17 + 7,852.24) | | 35,164.41 |

**B. NET VERMONT TAX: PRELIMINARY COMPUTATION**

| | | |
|---|---|---|
| Federal taxable income | 69,456.85 | |
| Federal deduction for Vermont income tax paid | 2,246.37 | |
| Adjusted federal taxable income (69,456.85 + 2,246.37) | 71,703.22 | |
| Recomputed federal tax (Based upon 71,703.22) | | 28,656.77 |
| Net Vermont tax liability (35,164.41 — 28,656.77) | | 6,507.64 |

**C. TOTAL INCOME AND 4½% LIMITATION**

| | | |
|---|---|---|
| Total statutory income | 76,886.52 | |
| Multiply total statutory income by | | |

| | | |
|---|---:|---:|
| 4.5% | | 3,459.89 |
| Vermont tax reduction (6,507.64 — 3,459.89) | | 3,047.75 |

**D. FINAL VERMONT TAX**

| | |
|---|---:|
| Adjusted preliminary Vermont tax | 7,852.24 |
| Vermont tax reduction | 3,047.75 |
| Final Vermont tax liability | 4,804.49 |

The computed tax was then carried into appellants' tax return in arriving at their adjusted Vermont tax as follows:

| | |
|---|---:|
| Vermont tax | 4,804.49 |
| Special adjustment | 54% |
| Tax liability | 2,594.42 |

The theory of the commissioner of taxes as to the preparation of Form 103-A differs from the appellants' in one essential aspect. Instead of using a special adjustment figure of 100% on line 3 of Form 103-A as the appellants did, the commissioner of taxes used a special adjustment figure of 54%. As a consequence of using the 54% figure, the 4.5% limitation figure of 32 V.S.A. § 5828 does not place a ceiling on the Vermont income tax liability of the appellants. This is shown by the commissioner's method of preparing Form 103-A in computing the appellants' return as follows:

*Form 103-A*

**A. VERMONT TAX: PRELIMINARY COMPUTATION**

| | | |
|---|---:|---:|
| 1969 Federal income tax liability | | 27,312.17 |
| Vermont tax (28.75% of the federal tax) | 7,852.24 | |
| Special adjustment | 54% | |
| Adjusted Vermont tax (7,852.24 x 54%) | | 4,240.21 |
| Combined state and federal tax (27,312.17 + 4,240.21) | | 31,552.38 |

## B. NET VERMONT TAX: PRELIMINARY COMPUTATION

| | |
|---|---:|
| Federal taxable income | 69,456.85 |
| Federal deduction for Vermont income tax paid | 2,246.37 |
| | |
| Adjusted federal taxable income (69,456.85 + 2,246.37) | 71,703.22 |
| Recomputed federal tax (Based upon 71,703.22) | 28,656.77 |
| Net Vermont tax liability (31,552.38 — 28,656.77) | 2,895.61 |

## C. TOTAL INCOME AND 4½% LIMITATION

| | |
|---|---:|
| Total statutory income | 76,886.52 |
| Multiply total statutory income by 4.5% | 3,459.89 |
| Vermont tax reduction (2,895.61 — 3,459.89) Because the net Vermont tax liability is less than the 4.5% figure a "0" is entered | —0— |

The computed tax was then carried into appellants' tax return in arriving at their adjusted Vermont tax as follows:

| | |
|---|---:|
| Vermont tax | 7,852.24 |
| Special adjustment | 54% |
| | |
| Tax liability | 4,240.21 |

The appellants first argue in support of their method of computing their tax liability that the approach used by the commissioner of taxes discriminates against them in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. They also contend that 32 V.S.A. § 5828 is unconstitutionally applied by the commissioner of taxes when he imposes a limitation upon high tax bracket Vermont residents having the same federal taxable income as the appellants, and fails to impose that same limitation upon the appellants. They allege this is demonstrated on Form 103-A when the com-

missioner of taxes uses a special adjustment figure of 54% rather than the 100% special adjustment figure used by the appellants in their computation of Form 103-A. The appellants further contend the failure to impose this limitation upon high tax bracket residents of New Hampshire in the same manner as those high tax bracket residents of Vermont has the effect of destroying the formula set forth in *Wheeler* v. *State*, 127 Vt. 361, 364, 249 A.2d 887 (1969), *appeal dismissed*, 396 U.S. 4 (1969), *rehearing denied*, 396 U.S. 949 (1969), which provides the non-resident taxpayer is to pay to the State of Vermont a tax which bears that same proportion to the Vermont income tax on his entire income, as his Vermont taxable income bears to his entire taxable income.

The resolution of this argument requires us to look to the purpose of the ceiling contained within 32 V.S.A. § 5828 which is to place a limit upon the amount of income tax an individual may be held liable for in a given year. When the appellants use the 100% figure they are resting their computations upon a deemed Vermont income of $69,456.85, while in actuality they earned only 54% of that income here in Vermont. The computations involved in determining whether the ceiling applies must be based upon the actual Vermont income tax liability of the taxpayer as the statute requires and not upon a deemed Vermont income tax liability as the appellants seek to utilize.

For this reason the computation of tax liability for the purpose of determining if the § 5828 ceiling applies, must, by its basic nature, be grounded upon a formula different from that utilized for the purpose of computing a Vermont Income Tax Return. Moreover, it is obvious the sole reason that the ceiling in § 5828 does not apply to the appellants is because some 46% of their income is not subject to the Vermont income tax. Because appellants earn some 46% of their income from sources outside Vermont it is clearly erroneous for the appellants to compare themselves with a Vermont resident having the same federal taxable income as they do for the purpose of determining if the ceiling

within § 5828 applies. Appellants have not made the showing of discrimination required by the doctrine set forth in *Wheeler* v. *State, supra,* 127 Vt. at 366, because they have not shown themselves to be disadvantaged when compared to another in an equivalent position.

The appellants second assignment of error is premised upon the contentions advanced in the first argument by the appellants. The appellants contend they are disadvantaged when compared to others in an equivalent income position, and such discrimination works to their disadvantage in an arbitrary and invidious manner. In support of this argument the appellants use the following table to demonstrate their contentions:

|  | Taxpayers | Vt. Counterparts |
|---|---|---|
| Federal taxable income | 69,456.85 | 69,456.85 |
| Federal tax | 27,312.17 | 27,312.17 |
| Vermont Income | 41,208.39 | 69,456.85 |
| Vermont Income (%) | 54% | 100% |
| Vermont tax computed without § 5828 | 4,240.21 | 7,852.24 |
| Vermont tax computed under § 5828 by appellants' theory | 2,594.42 | 4,804.49 |
| Vermont tax computed under § 5828 by Commissioner's theory | 4,240.21 | 4,804.49 |

The appellants contend the final income tax liability figures in the above table demonstrate that under their theory of applying § 5828 they pay ·54% of what their Vermont counterparts pay in taxes. They also contend that under the commissioner's theory they are paying 88% of what their Vermont counterparts would pay, thus, they are being unconstitutionally discriminated against.

The difficulty with the figures set forth by the appellants in support of their argument is that they were arrived at by carrying forward the computations they made when they computed the § 5828 ceiling under their theory. Because of this they are comparing two taxpayers in different positions.

Moreover, the formula found in *Wheeler* v. *State, supra,* 127 Vt. at 364, which the appellants sought unsuccessfully to apply in the computation of the § 5828 ceiling, does apply here in viewing the final income tax liability of the taxpayer on his Vermont Income Tax Return. The following table shows how the formula applies, and how the result reached thereby is consistent with the *Wheeler* formula.

| | |
|---|---:|
| Federal Taxable Income | 69,456.85 |
| Vermont Income (54% of federal taxable income) | 41,208.39 |
| Vermont tax | 7,852.24 |
| Adjusted Vermont tax (54% of Vermont tax) | 4,240.21 |

Thus, a Vermont resident in a similar situation with the appellants would pay a tax of $4,804.49 to Vermont in contrast to a tax of $4,204.21 paid by the appellants. The computations shown *supra* demonstrate that the New Hampshire taxpayer would never pay any greater tax than his Vermont counterpart. The statute treats non-residents with the same consideration that its residents are treated. The computation by the tax department does not discriminate against the appellants and complies with the law.

The burden was upon the appellants to show how 32 V.S.A. § 5828 was arbitrary and unreasonable. *Wheeler* v. *State, supra,* 127 Vt. at 366. This they have failed to do.

*Judgment affirmed.*